NOT DESIGNATED FOR PUBLICATION

No. 119,727

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KAYLA MARIE GOODING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed April 12, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before HILL, P.J., BRUNS, J., and BURGESS, S.J.

PER CURIAM: Kayla M. Gooding appeals the district court's decision to revoke her probation and require that she serve her underlying prison sentence. Gooding contends that the district court erred in revoking her probation. On Gooding's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). Based on our review of the record, we find no error in its decision to revoke Gooding's probation.

1

On December 20, 2016, as part of a plea agreement with the State, the district court found Gooding guilty of possession of methamphetamine with intent to distribute and possession of paraphernalia to distribute. Instead of imposing a presumptive prison sentence, the district court granted her a dispositional departure. Accordingly, the district court sentenced Gooding to a term of 103 months' imprisonment, suspended to 36 months' probation.

Unfortunately, on multiple occasions Gooding showed that she was unable to fulfill the terms of her probation. Within a month after sentencing, she admitted to using methamphetamine and the district court imposed a three-day jail sanction. A few months later, she again violated her probation by using methamphetamine and the district court ordered a second three-day jail sanction in April 2017. Two months later, the district court ordered a third jail sanction but Gooding never showed up and was taken into custody in October 2017.

In November 2017, Gooding admitted to her violations, but the district court decided not to revoke Gooding's probation. Instead, it ordered a 120-day sanction and placement in residential treatment. However, she failed to report to Community Corrections after serving her sanction. She also failed to enter into the residential program as ordered. Subsequently, Gooding pled guilty of having committed a new crime—an offender registration violation.

On June 21, 2018, the district court held a joint hearing on the probation revocation in this case and for sentencing in the new case. At the hearing, Gooding admitted to violating the terms of her probation. Moreover, Gooding's attorney admitted that her client had "an extensive history of drug use," had "been to treatment before," and had "relapsed before." Even so, defense counsel asked that the district court to give her client "one final chance" by reinstating her probation. In the alternative, her attorney requested that the district court modify her underlying sentence to 51 months.

At the conclusion of the hearing, the district court revoked Gooding's probation and found that no intermediate sanctions were required. The district court noted that Gooding had committed a new crime while on probation in addition to her other violations. The district court also noted that it had already given her "two quick dip sanctions and a DOC sanction" because of her previous violations of the terms of her probation. Ultimately, the district court determined that it had given Gooding "more opportunities than probably warranted based on [her] behavior." Nevertheless, the district court granted her a sentence modification to 90 months' imprisonment and ordered her to serve her underlying sentence as modified.

On appeal, Gooding contends that the district court erred in revoking her probation. In particular, she argues that the district court abused its discretion when other sanctions were available. In response, the State argues that Gooding has failed to present any compelling facts that support a finding of abuse of discretion by the district court in revoking the probation or in imposing sentence.

Of course, once a violation has been established, the decision to revoke probation is left to the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable—if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). This discretion is limited by the intermediate sanctions as outlined in K.S.A. 2018 Supp. 22-3716.

Here, it is undisputed by the parties that Gooding violated the terms of her probation by committing a new crime as well as by failing to enter a residential treatment program and failing to report to Community Corrections. As the district court found, no intermediate sanctions are required when the offender commits a new crime while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). Likewise, the district court may

3

bypass the imposition of graduated sanctions where a defendant has received a dispositional departure. K.S.A. 2018 Supp. 22-3716(c)(9)(B).

Based on our review of the record, we find no error of fact or law. Rather, we find that the district court's decision was reasonable under the circumstances presented. Although the district court gave Gooding several chances to comply with the terms of her probation and to get the help she needs for her drug problem, she repeatedly failed to take advantage of these. Thus, we conclude the district court did not abuse its discretion and we affirm the district court's decision.

Affirmed.